be reversed, with ten dollars' costs and the disbursements, and an order entered directing this reference.

VAN BRUNT, Ch. J., concurs; BRADY, J., concurs in result.

JULIUS TUCHBAUD, Appellant, *v.* CHICAGO AND ALTON R. R. Co., Respondent.

*Supreme Court, First Department, General Term, May 24, 1889.*

1. *Summons. Service of.*—Where the service of a summons and complaint is made upon a foreign corporation, by delivering a copy thereof to the managing agent of the company, the papers must show that the defendant has some property within the state at the time of the service, from which the plaintiff may have some chance of benefit. This is sufficiently established by proof that the defendant is the lessee of the office where its business is carried on, and owns the office furniture therein.

2. *Same. Managing agent.*—A person who is described in the tables of a foreign railway corporation as "general agent" is a managing agent of the company within the meaning of the provisions of subd. 3 of section 432 of the Code.

3. *Appeal. Special appearance.*—An attorney, who appears for the purposes of a motion, remains the attorney sufficient to receive notice of appeal.

Appeal from an order vacating the service of summons and complaint.

*Henry Schmitt*, for appellant.

*L. A. Gould*, for respondent.

VAN BRUNT, P. J.—This action was brought to recover for a cause of action arising in the state of Missouri. The defendant is a foreign corporation, and the service of the summons and complaint herein was made upon Mr. Charles Oberg, who is claimed to be the general agent of the said company in New York. A motion was made to

set aside the service upon the ground that the person served was neither the president, secretary, cashier or director of the company, and that the corporation had no property located within this state. The learned court granted the motion, and from the order thereupon entered, this appeal is taken.

It appears from the opinion rendered upon the decision of the motion that the court was of the opinion that the person served was a managing agent, within the meaning of that term as used by the Code, but there was no evidence that the defendant had property within the state at the time of the service of the summons and complaint.

The position in respect to the managing agent is clearly upheld by the decision in the case of Palmer *v.* Pennsylvania Co. (35 Hun, 370), and it is not necessary to discuss further that proposition.

It is undoubtedly true that the papers must show that the defendant has some property within the state at the time of the service, from which the creditors may have some chance of benefit. The allegation in the affidavit of the plaintiff is that the defendant has a large business in the city of New York, and has property within the state of New York, and as affiant, is informed and believes, had property in the state of New York at the time of the service of the summons and complaint; that they had at that date their offices in the city of New York, and owned the furniture of said offices, and the tickets, and they also had cars of the defendant's road, within the jurisdiction of the court. The answering affidavits upon the part of the defendants in support of their allegation that there was no property within the state, simply allege that the office in which the business of the defendant is carried on is hired by the freight department, and that the passenger agency which was under the charge of said Charles Oberg, and with which department the affiant had nothing to do, kept a small portion of said office, which was partitioned off for its use.          23

There is no allegation in this affidavit that the defendant road is not the lessee and liable for the rent. Neither is there any allegation that it does not own the furniture in said office. The mere statement that this office is hired by the freight department of the company shows upon its face that the defendant is the lessee, because it is liable for the contracts of each of its departments. This being the case, it is apparent that there is an admission upon this record that it does own the office furniture situated within this state, and that it is the lessee of this office, and that its business is there carried on.

It would be a strange proposition that a foreign corporation may bring its property within this state, carry on business within this state, and enter into contracts within this state, and then claim exemption from the laws of this state, upon the ground that it has not all its property within this state.

We think it is clear from these affidavits that the defendant has property within this state from which the creditors may have some chance of benefit, and, therefore, the service was brought within the rule.

The order should be reversed, with ten dollars costs and disbursements.

It is sufficient to say with respect to the motion to dismiss the appeal, that such motion is absolutely frivolous. The result of the position of the defendant, if sustained, would be that no matter how erroneous the decision of the court below might be, there could be no possible appeal from such order, because there was nobody upon whom to serve the notice of appeal.

Where an attorney appears for the purposes of motion, he still remains the attorney sufficient to receive notice of appeal, and the corporation has so far at least submitted itself to the jurisdiction of the court.

The motion should be denied, with ten dollars costs.

DANIELS and BRADY, JJ. concur.